UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DEVONTE JACKSON,

    Petitioner,

v.                                   Case No. 20-CV-665

REED RICHARDSON,

    Respondent.

## ORDER

Petitioner Antonio DeVonte Jackson pleaded guilty in the circuit court for Milwaukee County to armed robbery (party to a crime), felony bail jumping, and resisting or obstructing an officer. (ECF No. 1 at 2.) On February 5, 2016, the court sentenced him for the armed robbery conviction to fourteen years of initial confinement and eleven years of extended supervision. (ECF No. 2-1 at 5.) He was sentenced for the bail jumping conviction to a consecutive sentence of one-year confinement and three years of extended supervision. (*Id.* at 5-6.) And he was sentenced for the resisting or obstructing an officer conviction to a concurrent nine-month sentence. (*Id.* at 6.) Jackson appealed, and the Wisconsin Court of Appeals affirmed his conviction on September 11, 2018. (ECF No. 1

at 3.) The Wisconsin Supreme Court denied his petition for review on February 12, 2019. (*Id.*)

On April 27, 2020, Jackson filed a petition for a writ of habeas corpus. (ECF No. 1.) Accompanying his petition was a motion to proceed without prepayment of the filing fee and/or costs (ECF No. 3), commonly referred to as a motion to proceed in forma pauperis (IFP). Having reviewed Jackson's prisoner trust account statement (ECF No. 9), the court is satisfied that he cannot afford the filing fee. Therefore, his motion to proceed IFP is granted.

In his habeas petition Jackson raises two grounds for relief: (1) his trial counsel failed to investigate an alibi defense, and (2) he was denied the assistance of counsel at a critical stage—a line up. (ECF No. 1 at 6-7.) He acknowledges that he did not exhaust his state remedies for either claim. (*Id.* at 7-8.) He states that he is still waiting to receive documents from his discovery materials that would support his first claim. (*Id.* at 7.) And regarding his second claim he states, "Documents to support this claim was withheld and the use of due diligent was use to find such document causing delay." (*Id.* at 8 (reprinted as original).)

Jackson also filed a motion asking the court to stay these proceedings and hold his petition in abeyance, presumably to exhaust his state remedies. (ECF No. 4.) In his motion he states,

> As a layperson, my ability to fully litigate and address items are very difficult. I'm not been able to fully address all my legal violations and need

> the opportunity to redeveloped claims in the trial court as noted in my habeas application. Failure to investigate my Alibi Defense is one claim.

(ECF No. 4 at 1 (reprinted as original).)

Jackson asserts that the Wisconsin Supreme Court denied his petition for review on February 12, 2019. He had ninety days from that date in which to file a petition for a writ of certiorari with the Supreme Court of the United States. Sup. Ct. R. 13. He then had one year from that date to file a federal habeas petition, making May 13, 2020, the deadline for filing his petition for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Jackson's motion was timely filed on April 27, 2020. (ECF No. 1.)

Ordinarily, if a person files a petition for a writ of habeas corpus before he exhausts his state court remedies the court will dismiss the petition without prejudice, and the petition can be refiled after the state court remedies have been exhausted. However, accepting as true the dates alleged in Jackson's petition, if the court were to dismiss the petition Jackson would not have any time in which to file another federal habeas petition after exhausting his remedies in state court, as his deadline has now passed and the filing of his habeas petition on April 27, 2020, did not toll the limitations period. *See Powells v. Pollard*, No. 12-CV-824-JPS, 2013 WL 1878893, at *1 (E.D. Wis. May 3, 2013) ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations[.]") (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)). Properly filing a motion for post-conviction relief in state court would have stopped the one-year clock. 28 U.S.C.

§ 2244(d)(2). The motion is deemed filed for purposes of § 2244(d)(2) when the inmate deposits the filing in the prison mail system in accordance with the prison's regulations. *Ray*, 700 F.3d at 1006. In Jackson's motion to stay he did not assert that he filed a motion for post-conviction relief or that he intended to do so.

Under the stay and abeyance procedure approved by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), the district court may stay the proceedings on a federal habeas petition and hold the petition in abeyance while the petitioner exhausts his remedies in state court. This preserves the petitioner's ability to seek habeas relief but affords the state courts the first opportunity to remedy any constitutional errors in the petitioner's conviction. But because the stay and abeyance procedure would undermine the finality and expediency that Congress sought when it passed the Antiterrorism and Effective Death Penalty Act, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Moreover, the claims must be plausibly meritorious. *Id.*

In his motion to stay Jackson offers a cursory one-sentence statement that, because he is a layperson, it has been difficult for him to sufficiently litigate and address his claims. (ECF No. 4 at 1.) However, the mere fact that he is pro se or lacks legal knowledge does not provide good cause for a stay. *Yeoman v. Pollard*, 875 F.3d 832, 837-38 (7th Cir. 2017). Otherwise, "virtually any prisoner could make this showing." *Powells*, 2013 WL

4

1878893, at *2 (quoting *Johnson v. Huibregtsem*, No. 07-cv-674, 2008 WL 4621345, at *7 (W.D. Wis. Mar. 14, 2008)); *Jackson v. Baenen*, No. 12-CV-00554, 2012 WL 5988414, at *2 (E.D. Wis. Nov. 29, 2012).

Jackson states in his motion to stay that "[f]ailure to investigate [his] Alibi Defense is one claim" that he wishes to pursue further at the trial court level. (ECF No. 4 at 1.) Although not alleged in support of his motion to stay, in his habeas petition he asserted that he is still waiting on documents to support this claim. The court finds that explanation to be sufficient. Moreover, the court finds that Jackson's claims are plausibly meritorious, and his complaint is not otherwise subject to dismissal pursuant to Rule 4.

**IT IS THEREFORE ORDERED** that Jackson's motion to proceed without prepayment of fees and/or costs (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED** that Jackson's request for stay and abeyance (ECF No. 4) is **granted**. The proceedings are stayed, and Jackson's petition is held in abeyance. Jackson shall commence exhaustion of his state court remedies no later than 60 days from the date of this order or file a motion for an extension of time if he is not able to do so. Not later than 28 days after the exhaustion of his state court remedies or the expiration of time for seeking further review, Jackson shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. **<u>Failure to do so may result in the court dismissing this action</u>**. The Clerk shall close this case for statistical purposes.

Dated at Milwaukee, Wisconsin this 4th day of June, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge