# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTONIO DEVONTE JACKSON,**

    **Petitioner,**

  v.        Case No. 20-CV-665

**REED RICHARDSON,**

    **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, Antonio DeVonte Jackson, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Jackson asserts one ground for relief: "failure to investigate alibi defense by trial counsel." (ECF No. 1 at 6.) Because the Wisconsin Circuit Court and the Wisconsin Court of Appeals rejected that claim on independent and state law grounds, it appears that it may be procedurally barred. *See* State v. Jackson, Nos. 2021AP368, 2021AP369,

2021 Wis. Ct. App. LEXIS 1027, at *2 (Ct. App. Nov. 9, 2021). However, whether Jackson's claim is barred under the adequate and independent state law grounds doctrine is a matter the court finds inappropriate to resolve at this preliminary stage and is instead best addressed after giving both Jackson and the respondent a chance to address it in briefs. Therefore, setting aside this procedural defense, the court is unable to say that it is plainly apparent that Jackson is not entitled to relief. Therefore, the respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Jackson shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Jackson may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Jackson's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, Jackson shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of March, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge