UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DEVONTE JACKSON,

          Petitioner,

v.                                           Case No. 20-cv-0665-bhl

REED RICHARDSON,

          Respondent.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS

Respondent Reed Richardson has moved to dismiss Petitioner Antonio Devonte Jackson's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. Section 2254. (ECF No. 21.) The dispositive question is whether Jackson procedurally defaulted on his two federal habeas claims. More specifically, the motion turns on the effect that the state courts' application of Wisconsin's *Escalona-Naranjo* procedural bar has on this Court's federal habeas review. Because binding Seventh Circuit law provides that the *Escalona-Naranjo* procedural rule is not "adequate" with respect to Jackson's claim alleging ineffective assistance of counsel, the Court must consider that claim on the merits. Jackson's other asserted ground for relief, though, will be dismissed.

### FACTUAL BACKGROUND

On November 6, 2014, habeas Petitioner Antonio Devonte Jackson and others robbed a fur store. (ECF No. 22-1 at 5.) Nine months later, while on bond in connection with the robbery case, police questioned Jackson outside a residence where a handgun had recently discharged and wounded a bystander. *State v. Jackson*, 2016AP2286-CRNM, 2016AP2287-CRNM, 2018 WL 11429276, at *1 (Wis. Ct. App. Sept. 11, 2018). Jackson gave a fake name and blamed the shooting on two mystery marijuana salesmen. *Id.* The episode led the State to charge him with obstructing an officer and felony bail jumping. *Id.* He eventually pled guilty to both, as well as the prior armed robbery charge. *Id.* The trial court sentenced him to 14 years' initial confinement and 11 years' extended supervision on the armed robbery count, a consecutive sentence of one-year initial confinement and three years' extended supervision for the bail jumping count, and a concurrent nine-month sentence for obstructing an officer. *Id.*

Jackson appealed, but his appointed counsel found no issues of arguable merit and filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Wis. Stat. Section 809.32. (ECF No. 22 at 3.) Jackson responded, *pro se*, with five claims he believed appellate counsel should have raised: (1) trial counsel provided ineffective assistance when he failed to tell Jackson about a read-in felon in possession charge before Jackson executed the plea questionnaire and waiver form; (2) trial counsel provided ineffective assistance when he failed to devise a defense strategy, failed to inform Jackson of motions he could file, and coerced a guilty plea; (3) at sentencing, the trial court relied on inaccurate information regarding Jackson's prior record; (4) at sentencing, the trial court relied on inaccurate information regarding Jackson's involvement in criminal activities during his pretrial release; and (5) the trial court failed to consider Jackson's eligibility for the Substance Abuse and Challenge Incarceration Programs. (*Id.* at 3-4.) The court of appeals reviewed appellate counsel's no-merit brief, Jackson's response, and the record; found no issues of arguable merit; and affirmed Jackson's convictions. *Jackson*, 2018 WL 11429276, at *3. The Wisconsin Supreme Court denied Jackson's petition for review. (ECF No. 22 at 4.)

Jackson then filed his petition for writ of habeas corpus with this Court. (ECF No. 1.) The petition raises two grounds for relief: (1) trial counsel rendered ineffective assistance when he failed to investigate an alibi defense; and (2) the police violated Jackson's Sixth Amendment rights when they forced him to participate in a lineup without the presence of counsel. (ECF No. 22 at 5-6.) Neither of these issues was raised in Jackson's response to his appellate counsel's no-merit brief.

The Court agreed to stay federal proceedings while Jackson exhausted his state court remedies on these claims. (ECF No. 10.) Accordingly, Jackson returned to the Wisconsin trial court and filed a *pro se* motion for collateral postconviction relief pursuant to Wis. Stat. Section 974.06. (ECF No. 22 at 4.) That motion raised the two claims from his federal habeas petition as well as an additional claim for ineffective assistance of counsel based on trial counsel's failure to suppress eyewitness identifications made at a police lineup. (*Id.*) On January 6, 2021, the trial court held that, pursuant to *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), Jackson had procedurally defaulted all three of his asserted claims because he had not provided a sufficient reason for failing to raise them in his response to his lawyer's no-merit brief on direct appeal. (*Id.* at 4-5.) It thus denied his motion without reaching the merits. The Wisconsin Court of Appeals affirmed. *See State v. Jackson*, 2021AP368, 2021AP369, 2021 WL 8694062 (Wis. Ct. App. Nov.

9, 2021). And the Wisconsin Supreme Court denied Jackson's petition for review. (ECF No. 22 at 5.)

## LEGAL STANDARD

To obtain federal habeas relief, Jackson must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

## ANALYSIS

Ordinarily, a federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim" and decides if the decision is contrary to, or involves an unreasonable application of, Supreme Court precedent, or if it is based on an unreasonable determination of the facts in light of the evidence presented. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted); 28 U.S.C. §2254(d)(1)-(2). In this case, however, Respondent argues that Jackson's claims were resolved according to *Escalona-Naranjo*, an independent and adequate state procedural rule, precluding federal habeas review altogether. (ECF No. 22.) Because the *Escalona-Naranjo* rule is not "adequate" with respect to Jackson's ineffective assistance of counsel claim, Respondent's motion to dismiss will be denied as to that claim. The motion will be granted as to Jackson's Sixth Amendment claim.

**I.      As Applied Here, Wisconsin's *Escalona-Naranjo* Bar is Not an "Adequate and Independent" State Procedural Rule That Prevents Federal Habeas Review of Jackson's Ineffective Assistance of Counsel Claim.**

Jackson's petition seeks habeas relief on two grounds: (1) trial counsel rendered ineffective assistance when he failed to investigate an alibi defense; and (2) the police violated Jackson's Sixth Amendment rights when they forced him to participate in a lineup without presence of counsel. (ECF No. 22 at 5-6.) Respondent contends that both grounds are procedurally defaulted because the Wisconsin courts dismissed them pursuant to *Escalona-Naranjo*, an adequate and independent state procedural rule.

"If a claim was held to be defaulted by a state court on the basis of an adequate and independent procedural ground, federal habeas review is at an end unless a petitioner can show

cause for the default and prejudice attributable thereto." *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)). "A state procedural ground is independent if it was expressly relied on by the state court in rejecting the claim, and it is adequate if it is a clearly established and consistently followed state practice at the time it is applied." *Id.* (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)).

Analyzing Respondent's argument requires an understanding of Wisconsin's criminal appeal process, which the Seventh Circuit has dubbed "'unusual' and characterized by some 'counterintuitive' complexity." *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Carter v. Buesgen*, 10 F.4th 715, 717-18 (7th Cir. 2021)) (other citations omitted). Unlike most jurisdictions, Wisconsin criminal procedure requires a defendant to "file a motion for postconviction . . . relief *before* a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised." Wis. Stat. §809.30(2)(h) (emphasis added.) This means that "claims of ineffective assistance of counsel may—and . . . usually *must*— be raised at [a] postjudgment, preappeal stage of the proceedings" under Wis. Stat. Section 974.02. *Garcia*, 28 F.4th at 771 (citations omitted) (emphasis in original). This gives the trial court the first chance to rectify any genuine errors. But this is not a defendant's only avenue for relief. If the trial court denies relief under Section 974.02, the defendant can initiate a direct appeal. Also, after the time for filing a Section 974.02 motion and/or appeal has expired, a defendant may seek further postconviction relief under Wis. Stat. Section 974.06. But a defendant cannot use a Section 974.06 motion to raise federal constitutional claims that could have been, but were not, raised in a Section 974.02 motion or on direct appeal unless he can offer a "sufficient reason" for his failure to bring those claims in the first instance. *Escalona-Naranjo*, 517 N.W.2d at 162-63.

In this case, the Wisconsin state courts found the claims raised in Jackson's Section 974.06 postconviction motion were barred under the *Escalona-Naranjo* rule because he did not raise them in response to his appellate counsel's no merit brief on direct appeal. Respondent insists this also precludes Jackson from raising the same claims in a federal habeas action, unless he can establish cause and prejudice. Respondent's argument is not illogical, but it conflicts with binding Seventh Circuit caselaw involving *Escalona-Naranjo*'s application in the context of a petitioner who has failed to raise an ineffective assistance of counsel claim during a no-merit appeal. As another district court recently recognized, the Seventh Circuit "has repeatedly held that *Escalona-Naranjo*

is not an adequate basis for rejecting a claim for ineffective assistance of counsel when the [petitioner's state court] default was caused by the petitioner failing to raise that claim during a no-merit appeal." *Alexander v. Boughton*, 17-cv-786-jdp, 2019 WL 11767599, at *2 (W.D. Wis. Mar. 27, 2019) (citing *Johnson*, 624 F.3d at 789; *Page v. Frank*, 343 F.3d 901, 907-09 (7th Cir. 2003)).

In *Page*, the Seventh Circuit held that the *Escalona-Naranjo* rule did not bar federal habeas consideration of an ineffective assistance of counsel claim not raised in the petitioner's response to a no-merit brief. It gave two reasons for this holding. First, the Court explained that "in a no-merit appeal, appellate counsel likely will not have filed a [Section 974.02] postconviction motion in the trial court." *Redman v. Meisner*, 15-cv-353-jdp, 2018 WL 5832139, at *5 (W.D. Wis. Nov. 7, 2018). This is problematic because a defendant's ineffective assistance of counsel claim "usually *must*" be raised in such a motion. *Garcia*, 28 F.4th at 771 (emphasis in original). Thus, if appellate counsel proceeds directly to the no-merit appeal, he deprives his client of the opportunity to raise an ineffective assistance of counsel claim in his no-merit response because that claim never appeared in a Section 974.02 motion. *Page*, 343 F.3d at 909. And because the client did not (because he could not) raise it on his initial appeal, it would be forfeited under the *Escalona-Naranjo* rule in any subsequent postconviction motion. *Id.*

The Wisconsin Supreme Court has since addressed and arguably eliminated this concern in *State v. Allen*, 786 N.W.2d 124 (Wis. 2010). It held that "the broad scope of review mandated by *Anders* suggests that the court of appeals in a no-merit appeal should identify issues of arguable merit even if those issues were not preserved in the circuit court." *Id.* at 139. In other words, a defendant may raise an ineffective assistance of trial counsel claim in his no-merit response even if that claim was not previously raised in a Section 974.02 motion. Thus, state law appears to have undercut one half of the *Page* court's rationale.

But *Page* also recognized a second and "even more fundamental reason why a criminal defendant may not be said to have waived" an ineffective assistance of trial counsel claim by failing to raise it on a no-merits appeal. *Page*, 343 F.3d at 909. "[R]equiring a defendant to raise [or else forfeit] arguments in response to a no-merit brief deprives the defendant of the right to counsel on appeal." *Redman*, 2018 WL 5832139, at *5. Simply put, in this context, application of the *Escalona-Naranjo* rule cannot be squared with a defendant's Sixth Amendment right to effective assistance of appellate counsel. *Page*, 343 F.3d at 909. Therefore, in a case where

"appellate counsel filed a no-merit brief . . ., any ineffective assistance of counsel claims that [the defendant] failed to raise during the no-merit proceeding would not be procedurally defaulted." *Alexander*, 2019 WL 11767599, at *2.

Respondent contends the Wisconsin Supreme Court resolved this issue in *Allen* too, and he further insists the Seventh Circuit recognized as much in *Lee-Kendrick v. Eckstein*, 38 F.4th 581 (7th Cir. 2022). (ECF No. 26 at 2.) But *Lee-Kendrick* did not involve a no-merit appeal and cannot be fairly read to have abrogated or overruled *Page*. At most the *Lee-Kendrick* Court acknowledged that the Seventh Circuit had, months earlier in *Garcia v. Cromwell*, reiterated that "the *Escalona-Naranjo* requirement . . . can be an adequate and independent state-law ground for procedural default." *Id.* The adequacy and independence of the general *Escalona-Naranjo* rule, however, was established long before *Garcia* and even predates *Page*. *See Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002) (finding the *Escalona-Naranjo* rule to be an adequate and independent state law rule and noting that the Seventh Circuit had already recognized the adequacy of the rule in *Liegakos v. Cooke*, 106 F.3d 1381 (7th Cir. 1997)). *Garcia* considered the different issue of whether the *Escalona-Naranjo* rule (in conjunction with the heightened pleading standard associated with *State v. Romero-Georgana*, 849 N.W.2d 668 (Wis. 2014)) was "truly independent of the merits." *Garcia*, 28 F.4th at 774. *Page*, on the other hand, involved the application of *Escalona-Naranjo* to the no-merit process and turned on the question of "adequacy." *Page*, 343 F.3d at 908-09.

To be clear, the Seventh Circuit may in the future decide that developments in Wisconsin law have undercut *Page*, both in terms of its rationale and rule. More recent rulings on the no-merit process, along with Wisconsin's "sufficient reason" exception for claims not raised on initial appeal, appear to allay, at least in part, the concerns raised in *Page*. For instance, under Wisconsin law, "[p]rior to the filing of a no-merit report, the attorney shall discuss with the person all potential issues identified by the attorney and the person, and the merit of an appeal on these issues." Wis. Stat. §809.32(b)(1). The attorney must also "inform the person that if a no-merit report is filed the attorney will serve a copy of the transcripts and the circuit court case record upon the person at the person's request." Wis. Stat. §809.32(b)(2). And the attorney must certify that he has complied with these requirements. Wis. Stat. §809.32(c). Failure to do any of the above "provides a sufficient reason to permit new issues to be raised" in a Section 974.06 postconviction motion. *Allen*, 786 N.W.2d at 136-37. Additionally, consistent with *Anders*, once a no-merit report is fully

briefed, the circuit court must perform a "full examination of all the proceedings" and identify "legal points arguable on their merits." *Anders*, 386 U.S. at 744. If the circuit court forgoes this procedure, the *Escalona-Naranjo* bar is inapplicable. *See Allen*, 786 N.W.2d at 136. There is, of course, still the possibility of forfeiture, but that possibility exists for *any* criminal defendant pursuing direct appeal. And although a defendant's response to a no-merit report is filed *pro se*, at least in theory, he gets more assistance than the average indigent because, in addition to appointed counsel, the three-judge panel hearing his case must also act as his advocate and scour the record for issues of arguable merit. It would not, therefore, be illogical to hold that *Escalona-Naranjo* ousts Jackson's entire habeas case.

This Court, however, is not in a position to disregard Seventh Circuit precedent. *See U.S. v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("A district court in Wisconsin must follow [Seventh Circuit] decisions."). *Page* and *Johnson* remain binding. Both cases found the *Escalona-Naranjo* bar an inadequate basis for a federal habeas court to refuse to consider a petitioner's claim for ineffective assistance of counsel when the state court applied the bar because the petitioner failed to raise his ineffective assistance claim on a no-merit appeal. That is exactly what happened here. As a result, the Court must consider Jackson's ineffective assistance of counsel claim on the merits.

*Page* and *Johnson* do not apply to Jackson's other claim, however. His contention that he was denied his Sixth Amendment right to counsel at a police lineup is barred because that claim is not based on ineffective assistance of counsel. As to this claim, *Escalona-Naranjo* is an adequate and independent state rule that precludes federal habeas review absent a showing of cause and prejudice. *See Perry*, 308 F.3d at 692. And rather than attempt to show cause and prejudice for his procedural default, Jackson relies on dicta from *Fay v. Noia*, 372 U.S. 391 (1963), which suggested federal habeas courts could excuse procedural default so long as the petitioner had not intentionally omitted the defaulted claims from his state court motions. The Supreme Court overruled *Fay* 45 years ago in *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977), finding it inconsistent with the cause and prejudice standard. Therefore, because he did not show cause and prejudice for his default, the Court cannot consider Jackson's claim that police violated his Sixth Amendment rights by requiring him to participate in a lineup without the presence of counsel.

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss, ECF No. 21, is **GRANTED, in part,** and **DENIED, in part**. The motion is granted with respect to Jackson's second ground for relief—that he was denied his Sixth Amendment right to counsel at a police lineup. The motion is denied with respect to Jackson's first ground for relief—that trial counsel provided ineffective assistance when he failed to investigate a potential alibi defense.

**IT IS FURTHER ORDERED** that within **60 days** of the date of this Order, Respondent must file an answer to Jackson's petition. Jackson will then have **45 days** following the filing of Respondent's answer within which to file his brief in support of his petition. Respondent will then have **45 days** following the filing of Jackson's initial brief within which to file a brief in opposition. And Jackson will have **30 days** following the filing of Respondent's opposition brief within which to file a reply brief if he so chooses.

Dated at Milwaukee, Wisconsin on September 19, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge