UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DEVONTE JACKSON,

    Petitioner,

v.                   Case No. 20-cv-0665-bhl

REED RICHARDSON,

    Respondent.

## ORDER DENYING § 2254 HABEAS PETITION

  After pleading guilty to charges following his involvement in an armed robbery, Petitioner Antonio Devonte Jackson was sentenced to fourteen years in prison. Jackson then spent several years unsuccessfully pursuing relief through direct and collateral postconviction proceedings in state court before filing a federal habeas petition pursuant to Section 2254 in this Court. In his petition, Jackson asserts that his trial counsel performed deficiently in failing to investigate a purported alibi witness. Because Jackson has not established that he is entitled to habeas relief, his petition will be denied.

### BACKGROUND

  On November 6, 2014, Jackson, with others, robbed a fur store. (ECF No. 22-1 at 5.) He was arrested, charged with armed robbery, and released on bond. (ECF No. 22-2 at 2.) While he was out on bond, police questioned Jackson near a residence where a person had been wounded by a shot from a handgun. *State v. Jackson*, 2016AP2286-CRNM, 2016AP2287-CRNM, 2018 WL 11429276, at *1 (Wis. Ct. App. Sept. 11, 2018). During the questioning, Jackson lied to police about his identity, claiming he was "Tommy D. Sanders," and reported that two men selling marijuana had fired the handgun. *Id.* After further investigation, the state filed additional felony bail jumping and obstructing-an-officer charges against Jackson. *Id.*

  Jackson's cases were eventually scheduled for trial. On the first day, Jackson agreed to plead guilty to the original armed robbery charge and the additional bail jumping and obstruction charges. (ECF No. 30-2 at 4.) During the plea colloquy, the trial court judge asked both Jackson and his counsel whether they had discussed possible defenses and motions that might be filed, and

both answered affirmatively. (*Id.* at 4.) Jackson also answered affirmatively that he had not been promised anything or been threatened in relation to his agreement to plead guilty. (*Id.* at 4–5.) He also had no questions about any rights he was giving up or the purpose of the plea hearing. (ECF No. 30-4 at 9.) The trial court sentenced Jackson to fourteen years' initial confinement and eleven years' extended supervision on the armed robbery count, a consecutive sentence of one-year initial confinement and three years' extended supervision for the bail jumping count, and a concurrent nine-month sentence for obstructing an officer. *Jackson*, 2018 WL 11429276 at *1.

On appeal, Jackson's appointed counsel found no issues of arguable merit and filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Wis. Stat. Section 809.32 (ECF No. 34 at 4–5.) In response, Jackson, *pro se*, raised five issues he believed his appellate counsel should have addressed, including at least two related to trial counsel's alleged ineffectiveness. (ECF No. 30-2 at 3–4.) Jackson's response said nothing about counsel's failure to explore an alibi defense. (*See id.*) Jackson's counsel filed a supplemental no-merit report addressing all five of the issues Jackson identified. (*Id.*) Based on these filings, the court of appeals concluded there were no issues of arguable merit and affirmed Jackson's convictions. *Jackson*, 2018 WL 11429276, at *3. The Wisconsin Supreme Court then denied Jackson's petition for review. (ECF No. 34 at 6.)

Jackson filed a petition for a writ of habeas corpus with this Court. (ECF No. 1.) In his initial petition, he raised two grounds for relief: (1) trial counsel rendered ineffective assistance when he failed to investigate an alibi defense; and (2) the police violated Jackson's Sixth Amendment rights when they forced him to participate in a lineup without the presence of counsel. (ECF No. 22 at 5–6.) Because neither issue was raised in Jackson's response to his appellate counsel's no-merit brief, the Court agreed to stay federal proceedings while he exhausted his state court remedies on these claims. (ECF No. 10.) Jackson then returned to the Wisconsin courts and filed a *pro se* motion for collateral postconviction relief pursuant to Wis. Stat. Section 974.06, asserting both of his federal habeas claims (along with yet another ineffective assistance claim). (ECF No. 34 at 6–7.) On January 6, 2021, the state court denied Jackson's motion, holding that Jackson procedurally defaulted on all three claims pursuant to *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994). The circuit court concluded Jackson had not provided a sufficient reason for failing to raise the issues in his response to his lawyer's no-merit brief on direct appeal and, therefore, denied the motion without reaching the merits. (*Id.* at 7–8.) The Wisconsin Court of

Appeals affirmed, *State v. Jackson*, 2021AP368, 2021AP369, 2021 WL 8694062 (Wis. Ct. App. Nov. 9, 2021), and the Wisconsin Supreme Court again denied Jackson's petition for review. (ECF No. 34 at 8.)

Jackson then returned to this Court. On May 23, 2022, Respondent moved to dismiss Jackson's petition in its entirety, arguing that both of Jackson's grounds were procedurally defaulted pursuant to *Escalona-Naranjo*, an adequate and independent state procedural rule. (ECF Nos. 21 & 22.) After briefing, the Court granted Respondent's motion but only in part. (ECF No. 27.) The Court agreed that Petitioner's challenge to the lineup procedure was barred by the state court's ruling, but concluded his ineffective assistance of counsel claim was not. The Court explained that the ineffective assistance claim could not be resolved on the procedural bar grounds based on Seventh Circuit caselaw holding "that *Escalona-Naranjo* is not an adequate basis for rejecting a claim for ineffective assistance of counsel when the [petitioner's state court] default was caused by the petitioner failing to raise that claim during a no-merit appeal." (*Id*. at 4–5.) Thus, Jackson's claim related to trial counsel's alleged ineffectiveness in failing to pursue an alibi defense survived the motion to dismiss. (*Id.* at 8.) The parties have now completed briefing on the merits of Jackson's ineffective assistance claim. (ECF Nos. 31, 34, 35.)

## LEGAL STANDARD

Generally, to obtain federal habeas relief, Jackson must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). But "[w]hen no state court has squarely addressed the merits of a habeas claim," the claim must be reviewed "under the pre-AEDPA standard of 28 U.S.C. § 2243" which "dispose[s] of the matter as law and justice require." *Ramirez v. Tegels*, 963 F.3d 604, 612 (7th Cir. 2020) (quoting *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012)). In other words, the claim is reviewed *de novo*. *Tabb v. Christianson*, 855 F.3d 757, 764–65 (7th Cir. 2017) (citing *Cone v. Bell*, 556 U.S. 449, 472 (2009)).

## ANALYSIS

Jackson claims that his counsel was ineffective because he failed to investigate a valid alibi defense and to subpoena a witness that would have supported Jackson's alibi. (ECF No. 31 at 2–3.) According to Jackson, at the time of the robbery, he was at his girlfriend Eliza Bonds' home, and she was available and willing to testify on his behalf. (*Id.*) He told his trial counsel about his alibi, but counsel did not pursue this line of defense and never spoke to Bonds. (*Id.*) Thus, according to Jackson, his trial counsel objectively performed deficiently. (*Id.* at 3.) Jackson further contends that he was prejudiced by this deficient performance because he would not have pleaded guilty if this witness had been available to testify at trial. (*Id.*)

Disregarding this Court's motion to dismiss ruling and the Seventh Circuit precedent discussed therein, Respondent devotes most of his brief to arguing that Jackson is not entitled to habeas relief because his claims are procedurally barred under *Escalona-Naranjo*. (*See generally* ECF Nos. 27 & 34.) The Court has already explained why that position is incorrect and will not repeat its analysis here. But the Court agrees with Respondent's alternate argument and concludes that Jackson's petition fails on the merits. (ECF No. 34 at 16.)

**I.     Jackson Has Not Established That His Trial Counsel's Performance Prejudiced Him.**

To establish constitutionally ineffective assistance of counsel, Jackson must show "that (1) his trial attorney's performance 'fell below an objective standard of reasonableness,' and (2) 'but for counsel's unprofessional errors the result of the proceeding would have been different.'" *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Review of an attorney's performance is highly deferential, even *de novo*, reflecting "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011); *see also Ramirez*, 963 F.3d at 613. On the second prong, Jackson must show a "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694).

### A. Jackson Proffers Only Conclusory Assertions that His Trial Counsel Was Deficient in Failing to Pursue an Alibi Defense.

Jackson argues that his trial counsel was ineffective both in not pursuing an alibi defense and in failing even to investigate such a defense. (ECF No. 31 at 4.) Generally, the choice "not to raise an alibi defense is … considered a strategic decision entitled to substantial deference." *Stitts v. Wilson*, 713 F.3d 887, 891 (7th Cir. 2013). But this deference is more limited when, as here, the issue is "whether trial counsel's *investigation* of a potential alibi defense was sufficient under . . . *Strickland*." *Id.* (quoting *Strickland*, 466 U.S. at 690–91). Determining an investigation's reasonableness requires consideration of both "the quantum of evidence already known to counsel, [and] also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins v. Smith*, 539 U.S. 510, 527 (2003). Reasonable counsel will, prior to allowing his client to plead guilty, "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) (quoting *Moore v. Bryant*, 348 F.3d 228, 241 (7th Cir. 2003)). *Strickland* does not permit state courts to assume counsel acted strategically if counsel never actually investigated what a witness would have to say; instead, state courts "must actually understand the scope of counsel's investigation," which will typically include review of a "detailed affidavit from counsel or holding an evidentiary hearing." *Olvera v. Gomez*, 2 F.4th 659, 675 (7th Cir. 2021) (citing *Gish v. Hepp*, 955 F.3d 597, 604 (7th Cir. 2020); *Mosley v. Atchison*, 689 F.3d 838, 848 (7th Cir. 2012)).

Jackson provided the state courts little evidence to evaluate his counsel's investigation. Jackson states that he "informed his trial counsel of his alibi" and counsel "never attempted to contact" the alibi witness. (ECF No. 31 at 2–3.) He also explains that his alibi witness "was available and willing to testify" but "trial counsel never filed a notice of alibi with the court." (*Id.*) Respondent correctly points out that Jackson's critiques of trial counsel's alleged failed to investigate are "vague and conclusory" with little or "no support in the record." (ECF No. 34 at 23.) Moreover, both Jackson and his counsel acknowledged during the plea colloquy that they specifically discussed "possible defenses and possible motions" that could be filed in his case and no issue concerning a potential alibi witness was raised during the plea colloquy. (ECF No. 30-2 at 4.) These facts taken together—combined with the other evidence against him, as discussed below—strongly suggest that his counsel made a reasonable, strategic decision to not call the alibi witness, sufficient to satisfy the requirements of *Strickland*. *See Stitts*, 713 F.3d at 891.

### B. Even if Trial Counsel's Failure to Investigate Was Unreasonable, Jackson Has Not Established that Counsel's Deficient Performance Prejudiced Him.

The Court need not rely on the apparent reasonableness of counsel's investigation because Jackson's ineffective assistance claim also fails based on Jackson's inability to prove prejudice. *See Olvera*, 2 F.4th at 675 (assuming deficient performance with lacking state court record and instead turning to prejudice prong of *Strickland* analysis); *Campbell v. Reardon*, 780 F.3d 752, 766 (7th Cir. 2015) (assuming deficient performance when state court "did not address the adequacy of [counsel's] pretrial investigation"). The Supreme Court has confirmed that *Strickland* applies to ineffective assistance claims when counsel advises a defendant to plead guilty. *Hill v. Lockhart*, 474 U.S. 52 (1985). In this setting, however, when it comes to prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. This high standard exists because "[a] plea of guilty is a formal and solemn step, where the defendant admits his guilt under oath after assuring the court, also under oath, that he is ready, willing, and able to make that decision after consulting sufficiently with his lawyer and being informed about all matters that he needs to know about to make that decision." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). Guilty pleas thus "should not lightly be with-drawn." *United States v. Brown*, 973 F.3d 667, 715 (7th Cir. 2020).

At the same time, a plea cannot be knowing and voluntary if it resulted from ineffective assistance of counsel. *United States v. Harper*, 934 F.3d 524, 529 (7th Cir. 2019). Even if a defendant's chances of acquittal at trial are long, he can still establish prejudice by showing a reasonable probability he would have insisted on trial if, say, he had been informed by counsel of an undesirable collateral consequence of a guilty plea, like deportation. *See Crowell v. Sevier*, 77 F.4th 539, 544 (7th Cir. 2023) (citing *Lee*, 582 U.S. at 369 (discussing a guilty plea that resulted in mandatory deportation, which was the defendant's "determinative issue"). But "[c]ourts must 'not upset a plea solely because of the *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.'" *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017) (holding defendant demonstrated reasonable probability he would not have pleaded guilty if he had known guilty plea would certainly lead to mandatory deportation). Accordingly, in addition to showing that his counsel performed deficiently in failing to investigate his alibi defense, Jackson must show that "there existed a reasonable probability that, had his counsel investigated the defense, he would

have rejected the plea offer and proceeded to trial with a likelihood of succeeding on the defense." *Gish*, 955 F.3d at 605 (citing *Hill*, 474 U.S. at 59).

Jackson argues that because there was scant evidence against him, Bonds' testimony "would have corroborated [his] version of facts and supported an alibi defense." (ECF No. 31 at 6.) But Jackson himself admits that there was "a case" against him, albeit what he characterizes as not an "ironclad" one. (*Id.*) This concession significantly understates the evidence against him. Two out of the four victims successfully identified Jackson in a police lineup. (*Id.*) Jackson's codefendants also were prepared to testify against him at trial. (*Id.*) And Jackson himself provided conflicting statements to law enforcement. *See Jackson*, 2018 WL 11429276, at *1. Jackson has the burden to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances," *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010), and that he would have proceeded to trial with a likelihood of succeeding on the defense. *Gish*, 955 F.3d at 605 (citing *Hill*, 474 U.S. at 59). He offers no evidence that it would have been rational to reject his plea bargain if only Bonds would have testified. While his girlfriend's testimony—if offered—*could have* corroborated Jackson's version of events, she would also have been subject to cross examination. Given her relationship to Jackson, she had an incentive to corroborate his alibi and there is a significant possibility the jury would not have accepted her story at face value. This is particularly true in the context of the other evidence working against Jackson, including the victim identifications and his co-defendants' testimony. In sum, it is far from a "reasonable probability" that he would have rejected the proffered plea deal in reliance upon a shaky alibi defense that he did not mention in any filings until his federal habeas petition. *See, e.g.*, *Gish*, 955 F.3d at 607.

Moreover, at his change of plea hearing, Jackson confirmed that he entered into the plea agreement knowingly and voluntarily, *after having discussed possible defenses and motions* with his counsel. (ECF No. 30-2 at 4–5.) Jackson faced no "undesirable collateral consequence" to pleading guilty that establishes prejudice. *See Crowell,* 77 F.4th at 544. His post-hoc assertions that his counsel failed to investigate his alibi defense, with no other evidence to support this claim, are not enough to override the finality of his guilty plea. *See Brown*, 973 F.3d at 715. Jackson has therefore failed to meet his burden under the prejudice prong of *Strickland*.

## II. Jackson Is Not Entitled to an Evidentiary Hearing.

Jackson argues that an evidentiary hearing is necessary for him to show ineffective assistance of counsel with respect to his alibi defense.[1] (ECF No. 31 at 5.) Under 28 U.S.C. § 2254(e)(2), if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows" that the claim relies on: (1) a "new" and "previously unavailable" "rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." Here, because the state courts decided Jackson's claims on *Escalona* grounds without reaching their merits, Jackson was denied the opportunity to develop the record in the state courts. Thus, he is not statutorily barred from a hearing under Section 2254(e)(2). *See Davis v. Lambert*, 388 F.3d 1052, 1061 (7th Cir. 2004) ("[I]t would defy logic to deny [petitioner] an evidentiary hearing [under Section 2254(e)(2)] on whether his counsel's failure to investigate the witnesses violated *Strickland* on the ground that he did not fully present those witnesses' testimony to the state courts.").

Even when Section 2254(e)(2) does not bar an evidentiary hearing, a petitioner is not necessarily entitled to an evidentiary hearing. In that case, the request for an evidentiary hearing is evaluated under pre-AEDPA standards. *See Davis*, 388 F.3d at 1061 (citing *Matheney v. Anderson*, 253 F.3d 1025, 1039 (7th Cir. 2001); *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 244 n.12 (7th Cir. 2003)). Pre-AEDPA standards mandate evidentiary hearings only if (1) the petitioner alleges facts which, if proved, would entitle him to relief and (2) the state courts, for reasons beyond petitioner's control, never considered the claim in a full and fair hearing. *Matheney*, 253 F.3d at 1039 (citing *Porter v. Gramley*, 112 F.3d 1308, 1317 (7th Cir. 1997)). In this case, Jackson has not alleged facts that entitle him to relief because he has not demonstrated that he was prejudiced by his counsel's failure to investigate and call his alibi witness. *See Hidou v. Lamb*, No. 17 C 6985, 2019 WL 2773639, at *19 (N.D. Ill. July 2, 2019) (holding petitioner not entitled to evidentiary hearing because petitioner did not allege facts entitling him to relief); *cf. Gaylord*, 829 F.3d at 508–09 (concluding petitioner entitled to evidentiary hearing because

---

[1] It is unclear from Jackson's brief whether he is requesting an evidentiary hearing before this Court or protesting the lack of an evidentiary hearing in the state courts. The Court will broadly construe his request as one for an evidentiary hearing in the federal district court.

petitioner alleged enough facts to show that the outcome of the plea process would have been different with competent counsel). The Court will therefore deny Jackson's request for an evidentiary hearing.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Jackson's petition for a writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on February 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge